IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00223-CV

 

in the matter of

the marriage of

 

James Edward Kibodeaux, Jr.,

                                                                      Appellant

AND

 

Mary Katherine Musslewhite,

                                                                      Appellee

 

 



From the 1A District Court

Jasper County, Texas

Trial Court No. 24764

 



DISSENTING AND CONCURRING Opinion



 








          Appellee does not contest appellant’s
issues 5-8 and does not ask the judgment as to that amount be affirmed.  There
is no evidence as to the amount of the depreciation of the trailer.  I concur
that the judgment as to this amount needs to be reformed.

          However, there are substantial
problems with the Court’s analysis of issues 1-4.  The most fundamental problem
is that included in the list of items which total $4,015.98, is an amount of $500.00
identified merely as “deductible.”  We have to make some assumptions because
the evidence of what is on the list is so inadequate, but this appears to be
the deductible amount on the insurance policy covering the trailer repairs.

Thus, regardless of what can be said about the
other amounts included in the list, the $500.00 deductible is directly related
to the trailer repairs, the decline in the value of the trailer, if any, and
whether or not this payment, which was apparently made during the marriage, had
been paid with community property.  There is simply no evidence to show this
payment was made from separate property.  Further, this amount also appears to
be duplicated as a separate line item in the trial court’s judgment.  (“H-1
$500 (insurance deduction)”).  Finally, this may be the only time I have ever
seen a reimbursement for “groceries, can goods, etc. & necessary items such
as candles, bottled water, matches, etc., toiletries” that a party brought to
the marriage but with which the party did not leave the marriage, thus entitling
that party to reimbursement.  The mere listing of items alleged to have been
brought into a marriage with a dollar amount next to each item or group of
items is simply inadequate evidence of the character and value for which the
separate estate of Musslewhite should be reimbursed.  I would reverse this part
of the trial court’s judgment and remand the case for further proceedings
consistent with this opinion.[1]

          Accordingly, I dissent to the Court’s
disposition of issues 1-4.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
and concurring opinion delivered and filed July 13, 2005









[1]
I note that the judgment made no
distinction about what property on hand was actually separate property or
community property and whether these amounts were being awarded as reimbursement
from one marital estate to another.  But I responded to the issues as they have
been presented on appeal by the parties.